**Reynold Floyd REEP, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 76–1559.**

United States Court of Appeals, Ninth Circuit.

July 13, 1977.

Benjamin L. Carroll, III, argued, Gould &
McKenzie, Honolulu, Hawaii, for appellant.

Harry R. Silver, argued, Atty., Civil Divi-
sion, Dept. of Justice, Washington, D. C.,
for appellee.

Before MERRILL and CHOY, Circuit Judges, and BONSAL,* District Judge.

BONSAL, District Judge:

This is an appeal from a judgment of the United States District Court for the District of Hawaii granting summary judgment in favor of the United States. The district court held that the exclusivity provision of the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8116(c), barred Plaintiff Reep's action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Reep sued for damages arising from personal injuries allegedly sustained when he was struck by a vehicle operated by an enlisted serviceman on government property. The issue on appeal is whether the district court erred in dismissing Reep's FTCA action.

*Factual Background*

Reep, a civilian employee of the Department of the Navy, commenced this action under the FTCA to recover damages for personal injuries sustained in an automobile accident that occurred on January 22, 1974 on a street in the Pearl Harbor Naval Station, Pearl Harbor, Hawaii. Reep was employed as a policeman by the Naval Base Police Department and his general hours of duty were from 6:30 a. m. to 3:00 p. m. On the morning of the accident, Reep arrived at the Pearl Harbor Naval Station at approximately 5:50 a. m. He was scheduled to report at Pearl City at 6:30 a. m. At approximately 5:55 a. m., while he was crossing the street in front of the police station where he was to change into uniform, he was struck by a Navy truck owned by the United States and operated by an enlisted serviceman who was driving within the scope of his employment. Two days later, on January 24, 1974, Reep completed and signed a U.S. Department of Labor Notice of Injury form ("CA 1 & 2") but the record does not indicate that it was ever acted on by the Department of Labor.

Thereafter, preparatory to his FTCA action, Reep filed an administrative claim with the Department of the Navy[1] and, on January 15, 1975, Reep commenced his action under the FTCA. In its answer, the United States denied liability and asserted the exclusivity provision of FECA[2] as an affirmative defense. On October 28, 1975, the district court denied Reep's motion to strike the affirmative defense asserted, and granted the United States' motion for a stay of the FTCA proceedings on the grounds that there was a substantial question of FECA coverage. Subsequently, the district court, on February 9, 1976, entered a "Stipulated Order Granting Summary Judgment" in favor of the United States, the parties having stipulated that:

". . . the Secretary of Labor or his duly authorized representative would find that the injury claimed by Plaintiff herein is covered under the Federal Employees Compensation Act (FECA); . . ."[3]

and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel."

---

* Honorable Dudley B. Bonsal, United States District Judge for the Southern District of New York, sitting by designation.

1. The filing of such an administrative claim is a jurisdictional prerequisite for bringing a Tort Claims Act suit against the United States. 28 U.S.C. § 2675(a); *Melo v. United States*, 505 F.2d 1026 (8th Cir. 1974); *Claremont Aircraft, Inc. v. United States*, 420 F.2d 896, 897 (9th Cir. 1970); *see also Szyka v. United States Secretary of Defense*, 525 F.2d 62, 65 (2d Cir. 1975).

2. Section 8116(c) of Title 5 of the United States Code provides:
 "The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive

3. The stipulated order granting summary judgment reads as follows:
 "WHEREAS, on or about October 28, 1975, before the Honorable Dick Yin Wong, United States District Judge for the District of Ha-

Summary judgment in favor of the United States was entered on February 17, 1976.

### FECA Coverage

The Federal Employees Compensation Act (5 U.S.C. § 8101 *et seq.*) establishes under the Secretary of Labor a program of workmen's compensation for government employees injured in work-related accidents. The statutory test for coverage is whether the employee was injured "while in the performance of his duty." 5 U.S.C. § 8102(a).

 Historically speaking, workmen's compensation statutes were enacted to provide injured workers with a quicker and more certain recovery than could be obtained from tort suits based on common law theories. *United States v. Demko*, 385 U.S. 149, 151, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966); *Galimi v. Jetco, Inc.*, 514 F.2d 949, 952 (2d Cir. 1975). FECA was passed by Congress in 1916 to provide workmen's compensation coverage to federal employees. The exclusivity provision of FECA was enacted by Congress in 1949 to obviate multiple recoveries by injured employees and excessive costs to the United States due to the passage of the FTCA, the Public Vessels Act, and the Suits in Admiralty Act under which the United States had waived its immunity to certain kinds of damage actions. *Galimi v. Jetco, Inc.*, 514 F.2d at 952, 953; S.Rep. No.836, 81st Cong., 1st Sess. 23, 30 (1949); H.Rep.No.729, 81st Cong., 1st Sess. 14, 15 (1949). To insure uniformity of interpretation and policy in the administration of FECA, the Secretary of Labor is vested with the power to "administer, and decide all questions arising under" FECA and his determinations are final and may not be reviewed by the courts. 5 U.S.C. § 8145 and § 8128(b)(1) & (2); *see Gunston v. United States*, 358 F.2d 303 (9th Cir.), *cert. denied*, 384 U.S. 993, 86 S.Ct. 1904, 16 L.Ed.2d 1010 (1966); *Soderman v. United States Civil Service Commission*, 313 F.2d 694 (9th Cir. 1962), *cert. denied*, 372 U.S. 968, 83 S.Ct. 1089, 10 L.Ed. 131 (1963); *see also Joyce v. United States*, 474 F.2d 215, 218 (3d Cir. 1973); *Bailey v. United States, Through Department of Army*, 451 F.2d 963, 965 (5th Cir. 1971); *Somma v. United States*, 283 F.2d 149, 151 (3d Cir. 1960); *Blanc v. United States*, 244 F.2d 708 (2d Cir.), *cert. denied*, 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79 (1957).

 An injured federal employee may not bring an action under the FTCA if there is a substantial question as to whether his injuries are covered under FECA. *Bailey v. United States, Through Department of Army, supra; Somma v. United States, supra.* Therefore, before an action may be instituted under FTCA, the employee must first seek and be denied relief by the Secretary of Labor. On the other hand, if there is no substantial question as to FECA coverage, the injured employee may commence an action under the FTCA.

### The Instant Appeal

Reep argues that the initial determination of whether a "substantial question" of FECA coverage exists should be made by the district court and not by the Secretary of Labor. Therefore, Reep contends that

waii, a hearing was held on Plaintiff's motion to strike defense, and

"WHEREAS, said motion was denied, and Defendant's motion to hold suit in abeyance was granted on the grounds that there was a substantial question of Federal Employees Compensation Act coverage, and

"WHEREAS, the parties agreed that this matter may be appealed to the Ninth Circuit Court of Appeals, and

"WHEREAS, IT IS STIPULATED, for the purpose of such appeal, that a notice of injury was completed and signed by Plaintiff and a copy of same is attached hereto as Exhibit A, and

"WHEREAS, IT IS FURTHER STIPULATED that the Secretary of Labor or his duly authorized representatives would find that the injury claimed by Plaintiff herein is covered under the Federal Employees Compensation Act (FECA); now, therefore,

"IT IS HEREBY ORDERED, that Defendant shall have summary judgment against Plaintiff on the grounds that there is a substantial question of Federal Employees Compensation Act coverage and that Plaintiff's claim herein, is barred by the exclusivity provisions of the Federal Employees Compensation Act."

the district court erred in granting summary judgment for the United States on the basis of the stipulation that the Secretary of Labor would find that the injury claimed by Reep is covered under FECA. In support of his position, Reep contends that there was no connection between the accident and the performance of his duty as a policeman in Pearl City and that he was not on the "premises" at the time of the accident since "premises" refers to the place "where the work is to be done." *See Bountiful Brick Co. v. Giles*, 276 U.S. 154, 158, 48 S.Ct. 221, 222, 72 L.Ed. 507 (1928); *United States v. Udy*, 381 F.2d 455 (10th Cir. 1967); *see generally* 1 Larson, *Law of Workmen's Compensation*, (1972). Moreover, Reep asserts that he never filed a notice of claim under FECA so that the exclusivity provision of FECA does not bar his FTCA action.

■ Injured federal employees must first pursue their administrative remedies before instituting actions under the FTCA unless their injuries are clearly not covered under FECA. *Joyce v. United States, supra*, 474 F.2d at 219; *Daniels-Lumley v. United States*, 113 U.S.App.D.C. 162, 306 F.2d 769, 771 (1962). If there is a substantial question as to FECA coverage, the district court will generally stay the FTCA action pending a determination by the Secretary of Labor. *See Daniels-Lumley v. United States, supra*, 306 F.2d at 771; *Somma v. United States, supra.*

Since Reep has conceded, for the purposes of appeal, that the Secretary of Labor would find that the injury is covered under FECA, the stay granted below became unnecessary and the action was dismissed. If the Secretary decides that there is a substantial question of coverage, then the injured employee's course of action is to proceed with his administrative remedies under the FECA. If on the other hand the Secretary determines that there is no substantial question of FECA coverage, the injured employee would still have recourse to the federal courts under the FTCA, assuming his action is commenced within six months of the date of mailing of notice of final denial of the claim by the Secretary of Labor. 28 U.S.C. § 2401(b); *see Regan v. Sullivan et al.*, 557 F.2d 300 (2d Cir. 1977). In this way, duplication of effort is avoided by both the Department of Labor and the federal courts which is the rationale of the exclusivity provision of FECA.

■ While Reep contends that the ruling in *Bailey, supra*, requires that the district court should make the initial determination of FECA coverage, that case did not involve a stipulation by the parties that the Secretary of Labor would find FECA coverage. Accordingly, while the district court in *Bailey* made the determination that no substantial question of coverage was presented and that therefore the plaintiff's action was maintainable under the FTCA, here, the district court, by reason of the parties' stipulation, was presented with a different set of facts. Since we are of the opinion that the district court, on the basis of the exclusivity provision, was correct in granting summary judgment in favor of the United States, we need not consider Reep's arguments concerning the criteria to be used in making the initial determination of FECA coverage. We only note in passing that there appears to be a split among the circuits as to the weight to be given the so-called "premises rule." *Compare United States v. Browning*, 359 F.2d 937 (10th Cir. 1966) *with United States v. Charles*, 130 U.S.App.D.C. 151, 397 F.2d 712, *cert. denied*, 393 U.S. 897, 89 S.Ct. 220, 21 L.Ed.2d 178 (1968). In view of the fact that there are varying opinions as to what determines coverage under FECA, it appears appropriate that the Secretary of Labor, as administrator of FECA, make the initial determination of coverage to promote uniformity in the application of FECA. *See Bailey v. United States, Through Department of Army, supra*, 451 F.2d 968 (dissenting opinion).

For the foregoing reasons, the opinion of the district court is affirmed.