621 F.2d 1080
 22 Fair Empl.Prac.Cas. 1497,
23 Empl. Prac. Dec. P 30,940
Clarence WEAHKEE, Plaintiff-Appellant,
v.
Eleanor Holmes NORTON, Chairwoman of Equal Employment
Opportunity Commission, Defendant-Appellee.
 No. 78-1294.
 United States Court of Appeals,
Tenth Circuit.
 Argued May 18, 1979.
Decided May 19, 1980.
 
 William S. Dixon of Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M. (Thomas E. Luebben of Luebben, Hughes & Kelly and Peter C. Chestnut, Albuquerque, N. M., with him on brief), for plaintiff-appellant.
 Ramon V. Gomez, Washington, D. C. (Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg, Asst. Gen. Counsel, Equal Employment Opportunity Commission, Washington, D. C., with him on brief), for defendant-appellee.
 Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 This is an appeal by Clarence Weahkee from a decision that his employer, the Equal Employment Opportunity Commission (EEOC), did not discriminate against him because of race or because he had filed administrative charges against the EEOC. Jurisdiction is based upon Title VII of the Civil Rights Act of 1964 as amended. 42 U.S.C. §§ 2000e-5, 2000e-16. The action is before us for a second time. See Weahkee v. Powell, 532 F.2d 727 (10th Cir. 1976).
 
 
 2
 The issues urged on appeal involve: (1) jurisdiction, (2) sufficiency of the evidence, (3) denial of discovery, (4) relevancy of statistical information, and (5) the trial court's adoption of defendant's requested findings.[1]
 
 
 3
 Weahkee, an American Indian, began working for the Albuquerque District Office of the EEOC in 1968 as a conciliatory investigator and writer, with a GS-11 classification. His claims of discrimination and retaliation by the EEOC concern seven separate but, in some instances, related actions of the Commission during 1969 to 1972. In general, Weahkee claimed he was denied promotions because of EEOC discrimination in favor of blacks and Spanish surnamed individuals and because he had filed administrative charges alleging discrimination by the EEOC.
 
 
 4
 * The district court found that some of Weahkee's administrative complaints were untimely and thus not within its jurisdiction, based upon its view that he did not engage in required precomplaint counseling. The government's brief on appeal admits the precomplaint counseling procedures are "not jurisdictional absolutes." Appellee's Brief, p. 36. Moreover, we think this issue was decided against the EEOC in Weahkee v. Powell, 532 F.2d 727 (10th Cir. 1976), when we ruled that the district court had jurisdiction over these same complaints.
 
 II
 
 5
 Despite its views concerning jurisdiction, the trial court conducted a full trial and found against Weahkee on the merits of his claims. Weahkee challenges the sufficiency of the evidence. We do not retry the facts, of course, but reverse only if the decision is "clearly erroneous." Fed.R.Civ.P. 52(a). We have carefully reviewed the record and determine that the evidence, although not overwhelming, is sufficient to support the verdict entered.III
 
 
 6
 Weahkee next argues that the trial court committed reversible error in denying a motion to compel discovery of EEOC personnel files Weahkee claims he should have received. The EEOC objected to Weahkee's request for discovery because the Privacy Act, 5 U.S.C. § 552a(b)(11), prohibits release of personnel files without a court order. This objection, however, does not state a claim of privilege; a court order is merely one of the "conditions of disclosure." Id. § 552a(b) (heading). A court order under Fed.R.Civ.P. 37 in response to Weahkee's motion to compel discovery would meet the standards of that Act.
 
 
 7
 Even if we view the EEOC's refusal to produce the documents as an assertion of a privilege under exemption six of the Freedom of Information Act, 5 U.S.C. § 552(b)(6), it is apparent that the trial court did not deny the motion for that reason. To determine the existence of the privilege, the trial court must balance the individual's right to privacy against the public's right to information. See Department of the Air Force v. Rose, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976); Campbell v. United States Civil Serv. Comm'n, 539 F.2d 58, 61 (10th Cir. 1976). In the instant case, the court did not inspect the files to determine whether they were subject to an exemption; it did not receive affidavits or testimony from the agency on which it might base a decision to deny disclosure; and the court stated no basis for its denial of plaintiff's motion. Because the court could not have performed its balancing function without reviewing the documents sought or at least requiring evidence in the form of affidavits, we conclude the court did not base the denial on exemption six.
 
 
 8
 The question therefore is whether these documents were discoverable in the absence of a privilege. The test for determining whether material is discoverable is relevancy. Fed.R.Civ.P. 34 no longer requires that the party seeking discovery show good cause for its request. See Rich v. Martin Marietta Corp., 522 F.2d 333, 343 (10th Cir. 1975).
 
 
 9
 The files sought in plaintiff's request were personnel files of EEOC employees who plaintiff claims were hired or promoted in discriminatory preference over him. The qualifications and job performance of these employees in comparison with the plaintiff's qualifications and performance is at the heart of this controversy. This is, in fact, the sort of information that EEOC seeks, and we have allowed, in investigating and litigating discrimination claims.
 
 
 10
 The instant request for production is well within our previous decisions. In Rich v. Martin Marietta Corp., 522 F.2d 333 (10th Cir. 1975), a Title VII case, this Court reversed a denial of a plaintiff's discovery request that was significantly more extensive and difficult to compile than that sought by Weahkee. It included the names of departments, the number of blacks, Hispanos and women in each, the number of promotions and layoffs in each department broken down by sex and race, and the work records of all employees in each department. Id. at 336, 342. We stated that the scope of discovery "is limited only by relevance and burdensomeness, and in an EEOC case the discovery scope is extensive." Id. at 343.
 
 
 11
 In EEOC v. University of New Mexico, 504 F.2d 1296 (10th Cir. 1974), a case alleging discriminatory failure to promote, EEOC sought, and we allowed, discovery of all personnel files of all faculty members employed by the university in its college of engineering at the time of complainant's discharge. See also Burns v. Thiokol Chemical Corp., 483 F.2d 300, 305 (5th Cir. 1973).
 
 
 12
 The EEOC may not deny discoverable information when it is itself the defendant employer. We hold Weahkee had a right to the information and denial of discovery amounted to an abuse of discretion by the trial court.
 
 
 13
 The EEOC further contends that even if Weahkee had a right to the information, he was not substantially prejudiced by the denial, arguing that "pertinent documents" allowing plaintiff to compare employee evaluations and work performance "were part of an extensive administrative record and thereby available to plaintiff even before the instant litigation." Appellee's Brief, p. 37. This record was, of course, compiled by the EEOC, a party to the litigation. To accept the EEOC's evaluation that the "pertinent documents" were available would thus be to abdicate control of the discovery process to one of the adversaries involved in the dispute. Erroneous denial of discovery is ordinarily prejudicial in the absence of circumstances showing it is harmless. Here, since we cannot determine from the record whether the requested documents might have changed the result in this trial, we cannot say the error was harmless.
 
 IV
 
 14
 Weahkee next contends that the district court erred in refusing to permit certain cross-examination of Sarah Leiter, a labor economist employed by the EEOC. Appellant claims Leiter's testimony would show statistical evidence that American Indians were underrepresented "both at supervisory positions in the Albuquerque District Office and nationally" in comparison to the number of blacks and Spanish-American employees. Appellant's Brief, p. 22. The offer of proof made at trial makes no mention of any proof concerning the district office, however.
 
 
 15
 The EEOC asserts that the evidence sought to be admitted was not probative of any discrimination at the district office or at the professional level, and that, had the evidence been admitted, it would have failed to establish "long-lasting and gross disparity." The EEOC also argues that the evidence excluded only established general work force figures which are not meaningful because Weahkee failed to offer evidence concerning the pool of Indians qualified for the positions.
 
 
 16
 Statistical evidence may be used to establish a prima facie case of employment discrimination. Mayor of Philadelphia v. Educational Equality League, 415 U.S. 605, 620, 94 S.Ct. 1323, 1333, 39 L.Ed.2d 630 (1974). When the employer has come forward with legitimate nondiscriminatory reasons for the action contested, a plaintiff may rely on statistics to discredit the reasons the employer presented for its action. Furnco Const. Corp. v. Waters, 438 U.S. 567, 579, 98 S.Ct. 2943, 2950, 57 L.Ed.2d 957 (1978).
 
 
 17
 We express no opinion on the strength of the evidence; we merely note that the objection to plaintiff's proffered evidence on the ground of irrelevancy should not have been sustained. Since this case is being remanded, it is unnecessary to find that the error was prejudicial.
 
 V
 
 18
 Finally, Weahkee alleges that the district court's verbatim adoption of nearly all of the EEOC's requested findings of fact and conclusions of law is error. The Supreme Court has disapproved the mechanical adoption of findings of fact written by a party, but has held that verbatim adoption of requested findings is not ground for reversal if those findings are supported by the evidence. See United States v. El Paso Natural Gas Co., 376 U.S. 651, 656-57, 84 S.Ct. 1044, 1047-48, 12 L.Ed.2d 12 (1964). Here the trial court received requested findings and conclusions of both parties and examined these along with post-trial memoranda in its deliberations but adopted verbatim nearly all of the EEOC's findings and conclusions. On the evidence appearing in the record before us, we are not "left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), and we would not reverse on this ground. Cf. Kelson v. United States, 503 F.2d 1291 (10th Cir. 1974) (reversal required when court instructed winning party to write the findings and conclusions).
 
 
 19
 Since the case was tried to the court we do not believe there is need for a complete new trial on remand. Rather, the court should reopen the case to permit the additional discovery of personnel files treated in Part III above. At an evidentiary hearing it should allow the questioning of Mrs. Leiter and admit any relevant evidence produced by the additional discovery. The court should make such additional or substitute findings as are necessary or appropriate.
 
 
 20
 Reversed and remanded.
 
 
 
 [1]
 Plaintiff also asserts that the trial court erred by refusing to admit certain findings of the District Court for the District of Columbia in Weahkee v. Perry, 13 E.P.D. P 11,342 (D.D.C.1976), and to consider those findings of discrimination as collateral estoppel against the EEOC here. This suit involved additional complaints of discrimination by Weahkee against the EEOC for actions occurring between 1973 and 1975. Since the decision was reversed on appeal, 587 F.2d 1256 (D.C.Cir.1978), and on remand the district court found in favor of the EEOC, 18 E.P.D. P 8,907 (D.D.C.1979), we assume that issue is no longer being pressed