Nancy **ROSENBERGER**, Plaintiff,

v.

**UNITED STATES** of America, United States Department of Justice, Drug Enforcement Administration, Defendant.

**UNITED STATES** of America,
Third-Party Plaintiff,

v.

Stephen Arin **HERZIG**, M.D.,
Third-Party Defendant.

No. 87 CIV. 0211 (PKL).

United States District Court,
S.D. New York.

July 22, 1987.

Kathleen P. Solerwitz, Mineola, N.Y., for plaintiff.

Rudolph W. Giuliani, U.S. Atty. for S.D. N.Y. (Amy Rothstein, of counsel), for defendant.

## OPINION & ORDER

LEISURE, District Judge:

This is a wrongful death action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. Plaintiff charges the defendant with having negligently caused the suicide of plaintiff's deceased, a Government employee at the time of his death. Defendant moves, pursuant to Fed.R.Civ.P. 12(h)(3), to dis-

miss the action for lack of subject matter jurisdiction. Specifically, defendant argues that because a "substantial question" of coverage exists, the Secretary of Labor must be allowed an opportunity to determine finally plaintiff's rights under the Federal Employees' Comensation Act ("FECA"), 5 U.S.C. §§ 8101–51.[1]

### Discussion

Plaintiff's deceased husband was a criminal investigator for the Drug Enforcement Administration ("DEA"). Amended Complaint at ¶ 5. He committed suicide at the DEA's Manhattan office on July 3, 1984. *Id.* at 8–9. Plaintiff alleges that the DEA was negligent in (1) failing to prohibit the deceased from carrying a firearm, although it knew he was suffering from severe mental distress, and (2) failing to discover and/or to treat properly the deceased's mental disorder. *Id.* at ¶ 10.

By its terms, the FECA bars recovery for deaths resulting from suicide. *See* 5 U.S.C. § 8102(a)(2). Defendant contends, however, that there is a "substantial question" as to whether the FECA applies because the plaintiff alleges that "the injury caused by the DEA's negligence was the decedent's severe mental depression, which in turn led to the suicide." *See* Government's Memorandum of Law at 8; Amended Complaint at ¶ 10. It is well-established that the existence of a "substantial question" as to the FECA's applicability precludes an action under the FTCA until the plaintiff has sought and been denied relief by the Secretary of Labor. *Scalia v. United States*, 475 F.Supp. 1040, 1042 (S.D.N.Y. 1979); *Reep v. United States*, 557 F.2d 204, 207 (9th Cir.1977) (Bonsal, J.); *Avasthi v. United States*, 608 F.2d 1059, 1060 (5th Cir.1979); *Somma v. United States*, 283 F.2d 149, 151–52 (3rd Cir.1960). *Cf. Walsh v. Donovan*, 575 F.Supp. 303, 305 (S.D.N.Y. 1983). Moreover, "[t]he standards for find-

ing a 'substantial question' of FECA coverage have been broadly defined...." *D'Angelo v. United States*, 588 F.Supp. 9, 11 (W.D.N.Y.1983). In order "to avoid sending the case to the Secretary of Labor, [the Court] must essentially decide as a matter of law that, viewing all of the circumstances, the Secretary could not find FECA coverage of [plaintiff's] claim." *Concordia v. United States Postal Service*, 581 F.2d 439, 442 (5th Cir.1978). *Accord DiPippa v. United States*, 687 F.2d 14, 16 (3rd Cir.1982); *Reep*, 557 F.2d at 208.

In this case, plaintiff relies on the statutory language which appears to preclude FECA coverage in a case of suicide. *See* 5 U.S.C. § 8102(a)(2). Counsel for plaintiff asserts that "[f]or plaintiff to seek administrative relief under the FECA would be an exercise in futility since her injuries are clearly not compensable under that statute." Plaintiff's Memorandum of Law at 5.[2] It appears to the Court, however, that plaintiff's counsel is mistaken. According to a Department of Labor official, compensation under the FECA "can be paid if a job-related injury or disease and its consequences directly result in the employee's domination by a disturbance of the mind and loss of normal judgment which, in an unbroken chain, resulted in suicide." Declaration of Peter van Helden, dated June 4, 1987, at ¶ 3. In fact, such claims have previously been honored by the New York Regional Office of the Department of Labor's Workers' Compensation Programs. *Id. Cf. Scalia*, 475 F.Supp. at 1042–43 (FECA coverage "includes all that follows" defendant's negligent act).

In sum, the Court concludes that there is a "substantial question" of FECA coverage of plaintiff's claim, and that the Secretary of Labor must be afforded an opportunity to resolve the coverage question. *See* 5 U.S.C. § 8128(b). Accordingly, plaintiff's

---

1. Defendant also contends, alternatively, that jurisdiction is lacking under the FTCA because the FECA is the exclusive remedy for claims arising from injuries or deaths incurred as a result of Government service. In view of the following conclusions disposing of the motion, it is unnecessary to address the Government's alternative argument.

2. While the instant motion was pending, plaintiff's counsel informed the Court that, at plaintiff's request, the DEA had forwarded an FECA claim to the Office of Workers' Compensation Programs. *See* Letter of Kathleen P. Solerwitz, Esq., dated July 2, 1987.

claim is hereby dismissed without prejudice.[3]

SO ORDERED.

---

**3.** "If, for reasons which are inconsistent with the contentions which the Government has advanced here and which the Court has accepted, plaintiff['s] claim in its entirety is determined [by the Secretary of Labor] to be not compensable as a matter of law, the complaint may be reinstated." *Scalia,* 475 F.Supp. at 1044. Of course, it would then be necessary to address the Government's alternative argument. *See supra* note 1.