MEMORANDUM DECISION AND ORDER
 

 SPATT, District Judge.
 

 The plaintiff
 
 pro se
 
 Victor Coffey (the “plaintiff’ or “Coffey”) commenced this action on March 20, 1995, against the United States and the United States Postal Service (the “defendants” or the “Postal Service”), claiming employment discrimination and violations of his constitutional rights. Presently before the Court is a motion by the defendants to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action upon which relief may be granted. In the alternative the defendants move the Court for an order pursuant to Fed.R.Civ.P. 56 granting summaxy judgment in their favor. At this stage of the proceedings, the Court will assess the legal sufficiency of the complaint under the standard guiding Rule 12(b)(6) and determine whether repleading of the
 
 pro se
 
 complaint is appropriate. The Court will not, at this juncture, convert the motion to a summary judgment motion or consider affidavits and documents outside of the pleadings that have been submitted by the parties.
 

 I. BACKGROUND
 

 The
 
 pro se
 
 complaint describes alleged wrongful treatment of Coffey while he was in the employ of the U.S. Postal Service and alleges that this conduct is actionable in district court under the Federal Tort Claims Act (“FTCA”), 28 U.S.C. § 1346(b)
 
 et seq.
 
 and 28 U.S.C. §§ 2671-2680. Specifically, Coffey alleges that he was the victim of employment discrimination because of his race which resulted in the loss of privileges, seniority and ultimately his job. The complaint also alleges that Coffey was permanently disabled as a result of the Postal Service’s refusal to comply with orders by Coffey’s physician that he be put on “lite” [sic] duty due to a back injury that he sustained on the job. The complaint further alleges that Coffey was subjected to handicap discrimination after becoming disabled.
 

 According to the complaint, the Postal Service deprived Coffey of his constitutional right to the “pursue of happiness” [sic], Coffey’s complaint also alleges that he was deprived of his civil rights because he had no way to appeal the Postal Service’s decision to terminate him.
 

 The complaint expressly seeks relief under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671-2680. Read liberally,
 
 see Haines v. Kemer,
 
 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972), the
 
 pro se
 
 complaint may
 
 *188
 
 also be construed to seek relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e~16
 
 et seq.
 
 and/or the Rehabilitation Act of 1973, 29 U.S.C. § 701
 
 et seq,
 
 in that it alleges employment discrimination based on race and disability.
 

 In this action, Coffey seeks money damages in the amount of $2,140,000.00 for the alleged loss of his home and other personal property, which loss he claims occurred because of the Postal Service’s delay in reimbursement of back pay, as well as his alleged pain and suffering. In addition, the plaintiff seeks $20,000,000.00 based on the employment discrimination claims.
 

 The complaint identifies the plaintiff as a former Postal Service employee who worked in the Riverhead Post Office from the mid-1980’s until 1987 when his position was “ex-cessed” and he was transferred to the Patchogue Post Office where he worked until he was terminated. The date of the plaintiff’s employment termination is not specified in the complaint, but the last complained of conduct, namely alleged discrimination in regard to “Retreat Rights” and dissatisfaction with Merit Systems Protection Board proceedings and determinations, is described as occurring in the year 1994.
 

 The defendants argue that the complaint should be dismissed for the following reasons: (1) the plaintiff’s claim for job-related injuries under the FTCA is barred by the Federal Employees’ Compensation Act (“FECA”), 5. U.S.C. § 8108
 
 et seq.;
 
 (2) the claim for money damages cannot be maintained against the United States in the absence of an express waiver of sovereign immunity; (3) the prerequisite administrative remedies were not exhausted with regard to the claims of racial and handicap discrimination; and (4) to the extent that the plaintiff appeals from the determinations of the Merit Service Protection Board, such an action cannot be maintained in this Court.
 

 In response to the defendants’ motion, the plaintiff
 
 pro se
 
 has submitted a statement reiterating the allegations set forth in the complaint and asserting that prior to filing this action he had exhausted all administrative remedies available to him. However, it is not clear to the Court which, if any, of the plaintiffs claims were pursued through administrative proceedings prior to commencing this law suit.
 

 II. DISCUSSION
 

 1.
 
 The Rule 12(b)(6) standard
 

 On a motion to dismiss for failure to state a claim, “the court should not dismiss the complaint pursuant to rule 12(b)(6) unless it appears ‘beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’”
 
 Goldman v. Belden,
 
 754 F.2d 1059 (2d Cir.1985) (quoting
 
 Conley v. Gibson,
 
 355 U.S. 41, 45-46, 78 S.Ct. 99,101-102, 2 L.Ed.2d 80 (1957));
 
 see also IUE AFL-CIO Pension Fund v. Herrmann,
 
 9 F.3d 1049, 1052-53 (2d Cir. 1993). The Second Circuit stated that in deciding a Rule 12(b)(6) motion a Court may consider “only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken”.
 
 Samuels v. Air Transport Local 504,
 
 992 F.2d 12, 15 (2d Cir.1993);
 
 see also Rent Stabilization Ass’n of the City of New York v. Dinkins,
 
 5 F.3d 591, 593-94 (2d Cir.1993) (citing
 
 Samuels,
 
 992 F.2d at 15).
 

 It is not the Court’s function to weigh the evidence that might be presented at a trial, the Court must merely determine whether the complaint itself is legally sufficient,
 
 see Goldman, 754
 
 F.2d at 1067, and in doing so, it is well settled that the court must accept the allegations of the complaint as true, see
 
 LaBounty v. Adler,
 
 933 F.2d 121, 123 (2d Cir.1991);
 
 Procter & Gamble Co. v. Big Apple Indus. Bldgs., Inc.,
 
 879 F.2d 10, 14 (2d Cir.1989),
 
 cert. denied,
 
 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990), and construe all reasonable inferences in favor of the plaintiff.
 
 See Scheuer v. Rhodes,
 
 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974);
 
 Bankers Trust Co. v. Rhoades,
 
 859 F.2d 1096, 1099 (2d Cir.1988),
 
 cert. denied,
 
 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).
 

 The Court is mindful that under the modern rules of pleading, a plaintiff need only provide “a short and plain statement of the claim showing that the pleader is entitled to
 
 *189
 
 relief’, Fed.R.Civ.P. 8(a)(2), and that “[a]ll pleadings shall be so construed as to do substantial justice”. Fed.R.Civ.P. 8(f).
 

 2.
 
 Principles regarding pro se litigants
 

 In this regard, the Court is mindful that the plaintiff is proceeding
 
 pro se
 
 and that “the complaint must be ‘liberally construed’ in favor of the plaintiff! ] and held to ‘less stringent standards than formal pleadings drafted by lawyers’.”
 
 Hughes v. Rowe,
 
 449 U.S. 5, 9, 101 S.Ct. 173, 175-76, 66 L.Ed.2d 163 (1980) (per curiam) (citing
 
 Haines v. Kerner,
 
 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972));
 
 Ferran v. Town of Nassau,
 
 11 F.3d 21, 22 (2d Cir. 1993). The Court recognizes that it must make reasonable allowances so that a
 
 pro se
 
 plaintiff does not forfeit his rights by virtue of his lack of legal training.
 
 Traguth v. Zuck,
 
 710 F.2d 90, 95 (2d Cir.1983). But the court is also aware that
 
 pro se
 
 status “ ‘does not exempt a party from compliance with relevant rules of procedural and substantive law.’ ”
 
 Id.
 
 (quoting
 
 Birl v. Estelle,
 
 660 F.2d 592, 593 (5th Cir.1981)).
 

 3.
 
 The Federal Tort Claims Act
 

 The complaint alleges that Coffey is entitled to relief under the Federal Tort Claims Act (“FTCA”), 28 U.S.C. § 1346 and 28 U.S.C. §§ 2671-2680. Section 1346(b) states that district courts will have exclusive jurisdiction
 

 [o]f civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 

 28 U.S.C. § 1346(b). Enacted originally in 1946, the purpose of the Federal Tort Claims Act was generally to waive the sovereign immunity of the United States for torts of its employees committed within the scope of their employment, if such torts committed in the employ of a private person would have given rise to liability under state law.
 
 Birnbaum v. United States,
 
 588 F.2d 319, 322 (2d Cir.1978).
 

 The United States retains its immunity from tort actions brought by federal employees for work related injuries through the exclusive liability provisions of the Federal Employees’ Compensation Act (“FECA”). 5 U.S.C. §§ 8108
 
 et seq.
 
 (1988). FECA provides:
 

 The liability of the United States or an instrumentality thereof under this sub-chapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen’s compensation statute or under a Federal tort liability statute.
 

 5 U.S.C. § 8116(c). The Supreme Court has stated that the FECA “was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government’s sovereign immunity.”
 
 Lockheed Aircraft Corp. v. United States,
 
 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983);
 
 Votteler v. United States,
 
 904 F.2d 128, 129 (2d Cir.) (it is settled law that FECA is the exclusive remedy for work-related injuries sustained by federal employees),
 
 cert. denied,
 
 498 U.S. 1000, 111 S.Ct. 560, 112 L.Ed.2d 567 (1990);
 
 Balancio v. United States,
 
 267 F.2d 135, 138 (2d Cir.) (“Congress meant that whenever ‘compensation’ was available to a Federal employee, [FECA] was to be his only remedy”),
 
 cert. denied,
 
 361 U.S. 875, 80 S.Ct. 139, 4 L.Ed.2d 114 (1959);
 
 Scalia v. United States,
 
 475 F.Supp. 1040, 1042 (S.D.N.Y.1979) (a “significant limitation [of the waiver of sovereign immunity set forth in the Tort Claims Act] is contained in FECA, which expressly states that any illness or injury for which compensation is provided by
 
 *190
 
 FECA may not be the subject of a suit under the Tort Claims Act”). The applicability of FECA to United States Postal Service employees is clearly set forth in 39 U.S.C. § 1005(e). That section states:
 

 Officers and employees of the Postal Service shall be covered by subchapter I of Chapter 81 of title 5, relating to compensation for work injuries.
 

 39 U.S.C. § 1005(c);
 
 see e.g. Griffin v. United States,
 
 703 F.2d 321 (8th Cir.1983) (holding that FECA is the sole remedy for the back injury sustained on the job by a U.S. Postal Service employee).
 

 The complaint in this action alleges that the plaintiff was injured during the .course of his employment with the United States Postal Service.
 

 Determinations regarding FECA coverage are made by the Secretary of Labor. 5 U.S.C. § 8124. “Only the Secretary of Labor or his designee may determine the scope of FECA coverage ... In deference to such authority, this Court has held that where a ‘substantial question’ of FECA coverage exists, federal district courts will not entertain claims under the [Federal Tort Claims Act].”
 
 DiPippa v. United States,
 
 687 F.2d 14, 16 (3d Cir.1982) (citing
 
 Joyce v. United States,
 
 474 F.2d 215, 219 (3d Cir. 1973));
 
 see also Walsh v. Donovan,
 
 575 F.Supp. 303, 305 (S.D.N.Y.1983) (“[w]here a substantial question of coverage under the Federal Employees’ Compensation Act exists, the Secretary of Labor must be given ‘the opportunity to speak first’ ”). “In order ‘to avoid sending the ease to the Secretary of Labor, we must essentially decide as a matter of law that, viewing all of the circumstances, the Secretary could not find FECA coverage of the claim.’ ”
 
 D’Angelo v. United States,
 
 588 F.Supp. 9, 11 (W.D.N.Y.1983). The
 
 D’Angelo
 
 court concluded, “a substantial question of FECA coverage exists unless it is ‘certain that [the Secretary of Labor] would find no coverage.’ ”
 
 Id.
 
 (quoting
 
 DiPippa v. United States,
 
 687 F.2d 14, 16 (3rd Cir. 1982)).
 

 In the present action, the complaint states that the claims relate to an “on the job injury.” In this situation, there is a “substantial question” of FECA coverage of the plaintiffs claim, and the Secretary of Labor must be afforded an opportunity to determine the plaintiffs right under the Act.
 
 See e.g., Rosenberger v. United States,
 
 666 F.Supp. 41, 42 (S.D.N.Y.1987) (noting that “it is well-established that the existence of a “substantial question” as to the FECA’s applicability precludes an action under the FTCA until the plaintiff has sought and been denied relief by the Secretary of Labor” and citing cases).
 

 Under FECA, the plaintiff must initially present his claims to the Secretary of Labor. Accordingly, the plaintiffs claims arising from work-related injuries are dismissed without prejudice.
 

 4.
 
 Violation of Plaintiff’s Constitutional Right to the Pursuit of Happiness
 

 The United States, as sovereign, is immune from suit in the absence of an express waiver.
 
 See e.g., United States v. Sherwood,
 
 312 U.S. 584, 586, 61 S.Ct. 767, 769-70, 85 L.Ed. 1058 (1941). This Court lacks subject matter jurisdiction over any claim against the United States and the United States Postal Service based upon alleged interference with the plaintiffs constitutional rights because there is no waiver of sovereign immunity for such a claim.
 
 Contemporary Mission, Inc. v. U.S. Postal Service,
 
 648 F.2d 97, 104-5 n. 9 (2d Cir.1981) (the district court correctly determined that it lacked subject matter jurisdiction over the constitutional claims against the United States Postal Service because the waiver set forth in 28 U.S.C. § 1346(b) is limited to tort suits predicated upon state law). It has also been noted that “Congress has enacted a general waiver of sovereign immunity, 39 U.S.C. § 401(1) (1988), which provides in pertinent part, ‘The Postal Service shall have the following general powers: (1) to sue and be sued in its official name____’ This waiver, however, is limited with respect to tort claims. 39 U.S.C. § 409(e).”
 
 Pereira v. United States Postal Service,
 
 964 F.2d 873, 876 (9th Cir.1992).
 

 Furthermore, to the extent that the plaintiff purports to sue the defendants for violation of his constitutional right to “the
 
 *191
 
 pursue of happiness” [sic], he has not stated a legally cognizable claim. While the Declaration of Independence states that all men are endowed certain unalienable rights including “Life, Liberty and the pursuit of Happiness,” Declaration of Independence, ¶ 1, it does not grant rights that may be pursued through the judicial system. Although the Constitution provides many important protections, a specific guarantee for the pursuit of happiness is not among those granted by the Constitution or its amendments. Accordingly, the Court finds that this claim fails to state a cause of action upon which relief may be granted.
 

 Further, the Court finds that it would be futile for the plaintiff to attempt to state a cognizable claim for the “pursuit of happiness” through repleading. Therefore, this claim is dismissed with prejudice.
 

 5.
 
 Allegations of employment discrimination based on race and handicap.
 

 Broadly construed,
 
 see Haines v. Kerner, supra,
 
 the
 
 pro se
 
 complaint alleges the defendants discriminated against Coffey based on his race and handicap. Although the complaint does not set forth the source of the plaintiff’s discrimination claim, the Court notes that such alleged discriminatory conduct is actionable under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 (“Section 717,” which proscribes federal employment discrimination) and the Rehabilitation Act of 1973, 29 U.S.C. § 701
 
 et seq.
 

 With respect to the plaintiffs claims of employment discrimination, the defendants assert that the plaintiff has not met the exhaustion of remedies requirement that is condition precedent to maintaining an action for discrimination based on race under Section 717, or for discrimination based on physical handicap under the Rehabilitation Act.
 

 The Supreme Court discussed the procedures by which a federal employee may seek relief for alleged discrimination in federal district court as follows:
 

 Initially, the complainant must seek relief in the agency that has allegedly discriminated against him. He then may seek further administrative review with the Civil Service Commission or, alternatively, he may, within 30 days of receipt of notice of the agency’s final decision, file suit in federal district court without appealing to the civil Service Commission. If he does appeal to the Commission, he may file suit within 30 days of the Commission’s final decision. In any event, the complainant may file a civil action if, after 180 days from the filing of the charge or the appeal, the agency of Civil Service Commission has not taken final action.
 

 Brown v. General Services Administration,
 
 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). These statutory prerequisites are jurisdictional in nature.
 
 Stewart v. United States I.N.S.,
 
 762 F.2d 193, 197 (2d Cir.1985). The Rehabilitation Act incorporates them by reference. 29 U.S.C. § 794a(a)(l);
 
 Gardner v. Morris,
 
 752 F.2d 1271 (8th Cir.1985);
 
 Smith v. United States Postal Service,
 
 742 F.2d 257 (6th Cir.1984);
 
 Williams v. Casey,
 
 691 F.Supp. 760, 767 (S.D.N.Y.1988) (“[u]nder both Title VII and the Rehabilitation Act, a civil action may be commenced in federal district court only if the claimant’s administrative remedies have been fully exhausted”).
 

 The complaint does not allege that the plaintiff exhausted administrative remedies prior to bringing this lawsuit, nor does it set forth facts that suggest he has pursued the administrative prerequisites to bringing an employment discrimination action in timely fashion. Also absent from the present complaint are facts suggesting that tolling doctrines would apply to permit a deviation from the established procedures. The Supreme Court has admonished that
 

 [procedural requirements established by Congress for gaining access to federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in
 
 Mohasco Corp. v. Silver,
 
 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980), “[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.”
 

 
 *192
 

 Baldwin County Welcome Center v. Brown,
 
 466 U.S. 147, 151-152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196,
 
 reh’g denied,
 
 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984). Accordingly, the claims of racial and handicap discrimination are dismissed without prejudice and with leave to replead facts regarding the plaintiffs exhaustion of administrative remedies in timely fashion, or the applicability of tolling principles.
 

 6.
 
 Appeal from an adverse decision of the Merit Systems Protection Board
 

 The complaint expresses dissatisfaction with determinations made by the Merit Systems Protection Board (the “MSPB”). Annexed to the complaint is a copy of a claim form dated September 12,1994, for “damage, injury or death.” The claim form describes the incident upon which the claim is based as follows:
 

 DESCRIPTION OF ACCIDENT Injured back while unloading truck, Doctor had me on light duty work. I was ordered to unload truck by Mr. John Nolan, who later removed me from job with U.S. Postal Service, because I could not work due to injury. I have been label [sic] as having psychological problems thought I was disrespected, threaten or used profanity toward anyone at anytime.
 

 Also annexed to the complaint is a letter dated October 11, 1994 to the plaintiff from Catherine A. Chapman, Claims Specialist, Law Department, United States Postal Service. That letter advises the plaintiff that his claim is denied because it was improperly pursued under the Federal Tort Claims Act. The letter further advises the plaintiff that remedies for on the job injuries, such as the one described in the plaintiffs claim, would be properly sought under the Federal Employees Compensation Act, 5 U.S.C. § 8116(c). In addition, the letter informed the plaintiff of his right to seek reconsideration and/or appeal the final action on the claim.
 

 Exclusive jurisdiction to hear appeals from final decision of the MSPB is vested in the United States Court of Appeals for the Federal Circuit, except that appeals in eases involving discrimination claims are to be appealed to the district courts.
 
 See
 
 5 U.S.C. § 7703(a), (b);
 
 Williams v. Department of the Army,
 
 715 F.2d 1485 (Fed.Cir. 1983) (“mixed” cases that involve both discrimination claims and other claims must be appealed to the district court). Any such appeal must be filed within thirty days of notice of the final decision. 5 U.S.C. § 7703(a), (b).
 

 The complaint does not set forth sufficient facts for the Court to understand what transpired before the MSPB, whether claims of discrimination were raised, when the proceedings occurred, whether final decisions were rendered or even if the complaint refers to one MSPB claim or two separate claims. The complaint makes reference to a case before the MSPB “which I had already won and enforcement was ordered.” The complaint also annexes documents, which are described above, that indicate that a claim relating to physical injuries was denied. It is not known whether the plaintiff sought reconsideration of that claim or took an appeal from it.
 

 The complaint does not sufficiently articulate the nature of the claim and the facts relating to it for the Court to assess (1) whether the issues may properly be raised to this Court and, if so, (2) whether they are timely. As such the allegations in the complaint relating to MSPB proceedings and/or determinations fail to meet even the minimal requirements of Rule 8 and leave the Court uncertain regarding its jurisdiction to hear this case.
 

 Accordingly, the claims in the complaint concerning the MSPB proceedings are dismissed, without prejudice, and with leave to replead the claims supported by specific facts relating to the plaintiffs prior MSPB proceedings.
 

 7.
 
 Repleading
 

 Rule 15(a) provides that “leave [to amend a pleading] shall be freely given when justice so requires.”
 
 See also Gumer v. Shearson, Hammill & Co.,
 
 516 F.2d 283, 287 (2d Cir.1974). Only “undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prej
 
 *193
 
 udiee to the opposing party ... [or] futility of the amendment” will serve to prevent an amendment prior to trial.
 
 Foman v. Davis,
 
 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962);
 
 accord Health-Chem Corp. v. Baker,
 
 915 F.2d 805 (2d Cir.1990);
 
 Reiter’s Beer Distributors, Inc. v. Christian Schmidt Brewing Co.,
 
 657 F.Supp. 136, 141 (E.D.N.Y.1987).
 

 Leave to amend may be denied if the amendment would be futile.
 
 Foman,
 
 371 U.S. at 182, 83 S.Ct. at 230;
 
 In re American Express Co.,
 
 39 F.3d 395, 402 (2d Cir.1994);
 
 John Hancock Life Ins. Co. v. Amerford Int’l Corp.,
 
 22 F.3d 458, 462 (2d Cir.1994);
 
 Ruffolo v. Oppenheimer & Co.,
 
 987 F.2d 129, 131 (2d Cir.1993). The Court finds that repleading would be futile as to the Federal Tort Claims Act cause of action based on a work related injury, as such a claim must initially be presented to the Secretary of Labor pursuant to the Federal Employees Compensation Act. The Court also finds that repleading would be futile as to the constitutional claim based on an alleged right to the pursuit of happiness.
 

 However, at this time, the Court cannot determine that the plaintiff would not, under any circumstances, be able to allege an employment discrimination claim based on race or handicap. Nor is the Court able to eliminate the possibility that the plaintiff could properly appeal a determination of the Merit Systems Protection Board to this Court, if discrimination claims were previously raised to that agency. Therefore leave to replead is granted as to those causes of action only. In amending his complaint, the plaintiff must more clearly and fully allege facts regarding the administrative remedies that he has pursued, if any, so that the Court can assess whether the plaintiff has satisfied the jurisdictional prerequisites to filing suit. An amended complaint should specify the steps he has taken to pursue his claims as well as all relevant dates.
 

 III. CONCLUSION
 

 Based on the foregoing it is hereby
 

 ORDERED, that the motion by the defendants to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(6) is granted, and the complaint is dismissed; it is further
 

 ORDERED, that the plaintiff is granted leave to replead in accordance with the terms of this Order, as to the employment discrimination claims and the claim relating to a determination of the Merit Systems Protection Board only; and it is further
 

 ORDERED, that any amended complaint must be served and filed on or before thirty days from the date of this Order. SO ORDERED.