891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry SMITH, Plaintiff-Appellee,
v.
Les THORSEN, Dorothy Thorsen, husband and wife, Defendants-Appellants.
 No. 88-4421.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1989.*
Decided Dec. 6, 1989.
As Amended on Denial of Rehearing and Rehearing En Banc June 5, 1990.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Les Thorsen appeals from the district court's refusal to award him attorneys' fees under Rule 11 of the Federal Rules of Civil Procedure. Thorsen asserts that plaintiff Terry Smith's personal injury suit was frivolous and that Smith should have been sanctioned and forced to pay Thorsen's attorneys' fees. Smith, in turn, contends that Thorsen's appeal is frivolous and that Thorsen should be liable for Smith's attorneys' fees and costs on appeal. The Magistrate found that Smith staged the accident at issue, but refused to grant Thorsen's motion for Rule 11 sanctions. We reverse.
 
 
 3
 Whether specific conduct violated Rule 11 is a legal question, subject to de novo review. King v. Idaho Funeral Serv. Ass'n, 862 F.2d 744, 747 (9th Cir.1988). The facts relied on by the district court to establish whether a violation occurred are reviewed under a clearly erroneous standard. Id. The appropriateness of sanctions imposed by the district court is reviewed for an abuse of discretion. Id.
 
 
 4
 The magistrate's findings of fact appear to mandate the conclusion that Smith violated Rule 11. He stated that "a personality dispute ... resulted in a staged auto-pedestrian accident and a federal court lawsuit which should never have happened.... A case of this kind is an abuse of the court's time and an abuse of the legal system...." "(S)uch conduct falls below the standard set by Rule 11 and should result in sanctions because sanctions are mandatory when a violation of the rule occurs." Les Shockley Racing, Inc. v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir.1989)
 
 
 5
 The magistrate's reliance on Thorsen's "unclean hands" as a reason for not imposing sanction upon Smith was improper. A court's liability to award expenses to an opposing party is rooted in equitable doctrines, Woodrum v. Woodward County, 866 F.2d 1121, 1127 (9th Cir. 1989), but when a litigant files a claim that is wholly without merit, some sanction must be imposed. Because it appears that the magistrate's findings of fact are inconsistent with his responsibility to determine that a violation of Rule 11 occurred, we reverse and remand for further proceedings.
 
 
 6
 Because this appeal was not frivolous, Smith's request for attorneys' fees and costs is denied.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3