972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Louis THEEDE, Plaintiff-Appellant,
v.
UNITED STATES of America; Veterans Administration; Thomas
K. Turnage, Clarence H. Nixon, Dean R. Stordahl,
and William L. Roberts, Defendants-Appellees.
 No. 88-15580.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 20, 1992.*
Decided Aug. 6, 1992.
 
 Before CANBY, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Theede appeals from the district court's order dismissing his tort claims against the United States, the Veterans Administration (VA), and four VA officials; from the district court's refusal to grant default judgments against the defendants; from the district court's denials of his motions for reconsideration, clarification, and sanctions; and from the district court's order barring further filings in his lawsuit. We affirm in part and reverse in part.
 
 BACKGROUND
 
 3
 Theede, a dentist, was employed in the VA Medical Center in Martinez, California, beginning in 1974. This case arises out of a series of work-related disputes between Theede and his supervisor, William Roberts, that occurred at various times between 1983 and 1985. The disputes centered around Roberts' negative evaluations of Theede's performance. As a result of those disputes, Theede ultimately lost his job at the Medical Center. In July, 1986, Theede's car was towed from the Medical Center parking lot by VA personnel. On June 9, 1986, Theede filed an administrative complaint with the VA regarding the Roberts incidents. In October, 1986, he filed a second administrative complaint regarding the towing of his car. The VA declined to grant relief on either claim.
 
 
 4
 On December 8, 1987, Theede filed this lawsuit against the United States, the VA, Roberts, and three other VA officials, in their official and individual capacities, under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. The complaint alleged that Roberts had assaulted and battered Theede and defamed him in the presence of others with an intent to cause him severe emotional distress, and that Roberts' actions constituted both interference with Theede's contractual relationship with his employer, the VA, and a breach of the VA's covenant of good faith and fair dealing. Theede further alleged that as a result of Roberts' actions, he had sustained damages to his professional reputation, injury to his person, and loss of consortium. The complaint also included a claim for personal injury and property damage resulting from the towing of Theede's car.
 
 
 5
 Theede sent copies of the summons and the complaint to the United States Attorney for the Northern District of California and to the four individual defendants by certified mail. The United States Attorney received Theede's documents on January 8, 1988. An Assistant United States Attorney (AUSA) subsequently notified Theede by letter that under Fed.R.Civ.P. 4(c) and 4(d)(4)-(5), a complaint against the United States or against an agency or officer of the United States must be personally served on the United States Attorney, or on an AUSA or designated clerical employee in the United States Attorney's office. The AUSA informed Theede that the sixty days allowed for a response to the complaint would not begin to run until the complaint had been properly served. Theede personally served that summons and complaint on the United States Attorney's office on January 26, 1988. On March 28, 1988, the United States Attorney's office filed an answer on behalf of the United States, the VA, and the four individual defendants in their official capacities. In their individual capacities, the individual defendants never answered the complaint.
 
 
 6
 On March 15, 1988, Theede moved for default judgments against both the United States and Roberts individually. The district court denied the motions. On April 25, 1988, Theede again moved for the entry of default judgments against the United States and Roberts, as well as against the other individual defendants. The district court again denied the motions, and warned Theede that further repetitive motions might result in sanctions under Rule 11. Nonetheless, in June, 1988, Theede filed a third set of motions for default judgments.[1]
 
 
 7
 On April 22, Theede filed a motion to disqualify the district judge from further participation in the case. The district judge denied the motion.
 
 
 8
 On July 1, 1988, the defendants filed a motion to dismiss the lawsuit, or in the alternative for summary judgment. A hearing on the motion to dismiss was scheduled for August 1, 1988. Following the hearing, the district court issued an order dismissing Theede's complaint with prejudice. The judgment of dismissal was entered on August 2.
 
 
 9
 On August 9, 1988, Theede filed a motion for reconsideration of the district court's August 2 order dismissing the case and for reconsideration of the denial of the default judgments against the four individual defendants. On August 12, he filed a second motion for "clarification" of the August 2 order and for sanctions against the United States Attorney's office.[2] On September 14, the district court issued an order denying the motion for reconsideration of the dismissal and of the denial of the default judgments. On October 3, the court heard argument regarding the motion for clarification and sanctions. On October 4, Theede filed a second motion for reconsideration of the dismissal and of the denial of the default judgments, for clarification, and for sanctions. On October 7, the district court issued a final order that: (1) denied Theede's first motion for clarification and sanctions, (2) denied the second motion in its entirety, and (3) barred Theede from filing any further papers related to his lawsuit with the court. This timely appeal followed.
 
 DISCUSSION
 1. Denial of Default Judgments
 
 10
 Theede argues that he is entitled to a default judgment against the United States because the government's answer to his complaint was filed more than sixty days after its receipt of the complaint, in violation of Fed.R.Civ.P. 12(a). The government was personally served with Theede's complaint in accordance with Fed.R.Civ.P. 4(c) and 4(d)(4)-(5) on January 26, 1988. Under Rule 12(a), its reply was due sixty days later. Because 1988 was a leap year, however, the sixtieth day fell on March 26, a Saturday. Under Fed.R.Civ.P. 6(a), if the last day of "any period of time prescribed or allowed by these rules" is a Saturday, Sunday, or legal holiday, "the period runs until the end of the next day which is not one of the aforementioned days." The government filed its answer on Monday, March 28, 1988.
 
 
 11
 Accordingly, the answer was timely filed. No default occurred.
 
 
 12
 Theede also argues that he is entitled to default judgments against the four individual defendants, who never filed responses to the complaint. The district court correctly determined that Theede could not proceed against the four defendants in their individual capacities because he had not personally served each defendant as required by Fed.R.Civ.P. 4(d)(1). Theede served the four defendants by mail at their places of employment. Rule 4(d)(1) requires that service be made upon an individual:
 
 
 13
 by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.
 
 
 14
 Service at a defendant's place of employment is insufficient to obtain jurisdiction over the defendant in his capacity as an individual. Daly-Murphy v. Winston, 820 F.2d 1470, 1477-78 (9th Cir.), amended, 837 F.2d 348 (9th Cir.1987). Because the four defendants never were served in accordance with Fed.R.Civ.P. 4(d)(1), they were not required to respond in their individual capacities, and accordingly cannot be held liable in default.
 
 2. Motion to Disqualify the District Judge
 
 15
 We review the denial of a motion to disqualify the district judge for abuse of discretion. Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987). No such abuse of discretion occurred here. In order to prevail on his motion for judicial disqualification, Theede was required to show extrajudicial bias or prejudice. Id. Theede's claim of bias was based on Judge Henderson's repeated refusals to grant default judgments against the United States and the four individual defendants. Because, as discussed above, Theede was not entitled to a default judgment against any defendant, and because, even if he were, error alone is insufficient to establish bias, that claim fails.
 
 3. Procedural and Due Process Claims
 
 16
 Theede raises five procedural objections to the August 1 hearing on the defendants' motion for dismissal: (1) he had already noticed an argument date of August 8 for his third set of default judgment motions; (2) notice of the hearing was sent to an incorrect address; (3) he did not receive twenty-eight days advance notice of the hearing, as required by the local rules of court; (4) the July 1 motion to dismiss was untimely because the court had ordered it filed on or before May 9; and (5) the United States Attorney had stipulated to a continuance of the hearing date to September 6 so that Theede, who had moved to Nebraska, would not be inconvenienced. On appeal, Theede argues that the cumulative effect of the alleged errors deprived him of due process.
 
 
 17
 At the August 1 hearing, the district court questioned Theede regarding his allegation that notice of the hearing had been sent to an incorrect address. Theede admitted that notice had been sent to a correct address as well as to an incorrect one. Accordingly, Theede's second argument lacks merit.
 
 
 18
 Because decisions regarding calendar management are committed to the discretion of the district court, Theede's other arguments also fail. The court was not required to schedule the hearing on the defendants' motion to dismiss on August 8, nor was it required to reject the defendants' motion as untimely if it chose not to do so. Under Fed.R.Civ.P. 16, if a party fails to comply with a scheduling order, "the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just...." Fed.R.Civ.P. 16(f) (emphasis added). Rule 16(f) does not require the judge to refuse to entertain a motion filed after the scheduled date. Similarly, the local rules require 28 days advance notice of pretrial motions "[e]xcept as otherwise ordered or permitted by a judge." United States District Court for the Northern District of California, Local Rules of Practice 220-2. Finally, the court was not obligated to accept the continuance suggested by the parties via stipulation. Id. 220-10(b).
 
 
 19
 Theede had ample opportunity to argue the merits of his claims for relief. He received notice of the motion to dismiss on July 6, 1988, twenty-five days before the hearing, and he appeared before the court on August 1 to oppose the motion to dismiss, and again on October 3 to argue his motion for clarification and sanctions. In addition, the district court reevaluated the pleadings and the evidence before issuing its September 14 order denying Theede's motion for reconsideration with respect to the dismissal and the default judgments. The court's insistence on the August 1 hearing date therefore did not deprive Theede of due process, and its refusal to grant Theede's motion for clarification was not an abuse of discretion.
 
 4. Dismissal for Failure to State a Claim
 
 20
 We review the district court's order of dismissal de novo. Kruso v. International Tel. & Tel. Co., 872 F.2d 1416, 1421 (9th Cir.1989); cert. denied, 496 U.S. 937 (1990). We must draw all reasonable inferences in Theede's favor. United States v. City of Redwood, 640 F.2d 963, 966 (9th Cir.1981).
 
 A. Claims Against the VA
 
 21
 Under the FTCA, a federal agency cannot be sued in its own name. Rather, the suit must be brought against the United States. 28 U.S.C. § 2679(a). As to the VA, the district court's order of dismissal was proper.
 
 B. Claims Against the United States
 
 22
 As to the United States, Theede's intentional tort claims are barred by statute. The FTCA expressly excludes "any claim arising out of assault, battery, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h) (emphasis added). The dismissal of Theede's intentional tort claims was therefore proper.
 
 
 23
 Theede's claims for negligent infliction of personal injury are preempted, at least temporarily, by the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101-8193, which entitles government employees who are injured in the course of their duties to workers' compensation. The right to FECA compensation "is exclusive and instead of all other liability of the United States or the instrumentality to the employee ... under a Federal tort liability statute." 5 U.S.C. § 8116(c). "An injured federal employee may not bring an action under the FTCA if there is a substantial question as to whether his injuries are covered under FECA." Reep v. United States, 557 F.2d 204, 207 (9th Cir.1977). The "substantial question" determination must be made by the Secretary of Labor in the first instance. Id. at 208. Theede may not seek relief under the FTCA unless and until the Secretary has determined that there is no substantial question of FECA coverage.
 
 
 24
 Theede also sought damages from the United States for the towing of his car from the VA Medical Center parking lot. As the district court noted, the facts provide no basis for a personal injury claim. With respect to Theede's claim for deprivation of property, however, we reverse the district court's order of dismissal. The fact that Theede did not own the car, but only leased it, does not preclude such a claim. This claim--and this claim only--is remanded for further proceedings.
 
 C. Claims Against the Individual Defendants
 
 25
 Theede attempted to sue the four individual defendants in their individual as well as their official capacities. As discussed above, Theede could not proceed against the four defendants in their individual capacities because he had not personally served each defendant as required by Fed.R.Civ.P. 4(d)(1). Theede's claims against the four defendants in their official capacities are barred on two separate and independent grounds. First, because the actions complained of were discretionary actions within the scope of the defendants' official duties, the defendants are entitled to absolute immunity from state law tort liability. Westfall v. Erwin, 484 U.S. 292, 297-98 (1988). Second, the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95-454, 92 Stat. 1111 (codified as amended at scattered sections of 5 U.S.C.), preempts state law tort claims arising out of personnel actions. David v. United States, 820 F.2d 1038, 1043 (9th Cir.1987); Lehman v. Morrissey, 779 F.2d 526, 527-28 (9th Cir.1985) (per curiam). Under the CSRA, federal employees must seek administrative review of any grievances arising out of adverse personnel decisions. Accordingly, the district court properly dismissed Theede's claims against the four individual defendants.
 
 5. Sanctions
 
 26
 We review a denial of sanctions under Fed.R.Civ.P. 11 for abuse of discretion. King v. Idaho Funeral Serv. Ass'n, 862 F.2d 744, 747 (9th Cir.1988). Theede requested sanctions on two grounds: (1) the United States Attorney's office admitted to receipt of his summons and complaint on January 8, 1988, and therefore the AUSA's representation that the defendants' March 28, 1988, answer was timely filed constituted a deliberate falsehood; and (2) the AUSA responsible for the case allegedly failed to file the stipulation to a continuance of the August 1, 1988, hearing date with the district court. Both arguments are meritless.
 
 
 27
 As to the first ground, the United States Attorney's office acknowledged receipt of the summons and complaint in a letter sent to Theede to inform him of the requirement of service in person established by Fed.R.Civ.P. 4. The letter did not, and could not, waive that requirement. The requirements of Rule 4 are jurisdictional and nonwaivable. The government did not "receive" Theede's summons and complaint within the meaning of Rule 4 until it received personal service of those documents on January 26, 1988. As discussed above, the government's March 28, 1988, answer was timely filed. It follows that the AUSAs who worked on Theede's lawsuit committed no misconduct.
 
 
 28
 As to the second ground, the AUSA with whom Theede negotiated the stipulation to a continuance of the August 1, 1988, hearing date declared by affidavit that she had submitted the stipulation to the court and that she had informed Theede that the court was not required to accept it. Accordingly, the district court's denial of sanctions was not an abuse of discretion.
 
 6. Order Barring Further Filings
 
 29
 In light of the record, the district court's order barring further filings by Theede was not an abuse of discretion. Theede filed repeated motions for default judgments in complete disregard of the district court's unequivocal refusal to grant the motions and its warning regarding Rule 11 sanctions. He gave every indication that he would continue that behavior--behavior aptly characterized by the district court as "frivolous" and "vexatious"--by filing repeated motions for reconsideration. We therefore affirm the district court's order. With respect to the district court's denial of default judgments, its denial of the motion for judicial disqualification, its insistence on the August 1, 1988, hearing date, and its denial of sanctions, the order barring further filings remains in effect on remand. The order does not, of course, bar further filings with respect to the issue of the alleged deprivation regarding the automobile.
 
 
 30
 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition, after filing his appeal, Theede filed a motion for the entry of default judgments against the defendants with a motions panel of this court. That panel referred the dispute over Theede's entitlement to a default judgment to us
 
 
 [2]
 The district court ordered the motion refiled because Theede had failed to notice a hearing date, but apparently deemed the motion filed on August 12 for purposes of timeliness