Michael D. GLOSSON, Plaintiff,

v.

M. MORALES, et al., Defendants.

No. CIV.05CV707–BEN(CAB).

United States District Court,
S.D. California.

Jan. 8, 2007.

828

Michael D. Glosson, Calipatria, CA, Plaintiff in pro per.

Deputy Attorney General Susan Coleman, Office of the Attorney General, San Diego, CA, for Plaintiff.

## ORDER ADOPTING REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. # 20]

Plaintiff Michael D. Glosson ("Plaintiff" or "Glosson"), proceeding *pro se*, has filed an action under 42 U.S.C. § 1983. He alleges, while incarcerated at Calipatria State Prison, Defendants[1] used excessive

1. The named Defendants M. Morales, S.J. Ryan, J. Bellah, and K.B. Wood will be referred to as "Morales," "Ryan," "Bellah,"

force against him in violation of the Eighth Amendment. Specifically, in January 2004, after assaulting staff and refusing to comply with an order from a correctional officer, Glosson was pepper sprayed by Defendant Morales, another correctional officer. Plaintiff was restrained with his hands cuffed behind his back. Glosson was then escorted by Morales and Bellah, another correctional officer, to Facility A's program office. While Plaintiff was still handcuffed and "burning from pepper spray," Morales "kneed, punch[e]d, kicked, spit on, choked, and ram[me]d the plaintiff's head into a wall a number of times." Officer Bellah punched and kicked Glosson while Glosson was on the ground and handcuffed.

Defendants have moved for summary judgment.[2] The Honorable United States Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation ("Report"), recommending Defendants be entitled to summary judgment. Specifically, Judge Bencivengo found that there was no evidence that Defendants Ryan and Wood participated in the alleged violation, and that Plaintiff's injuries were insufficient to support an excessive force claim under 42 U.S.C. § 1997e(e).

Title 28 U.S.C. § 636(b)(1)(C) provides: "A judge of the [district] court shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Thus, the governing "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo **if objection is made**, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc)

(emphasis in original); *see also id.* ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.") (citation omitted); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005) ( "Of course, *de novo* review of a [Report] is only required when an objection is made to the [Report].") (citation omitted).

Plaintiff only objects in part to the Report's findings. Plaintiff concedes summary judgment in favor of Defendants Ryan and Wood. (*See* Objections at 2:11–13: "As for … Ryan and … Wood the Court[ ] could grant summary judgment on their behalfs [sic]"; 3:26–27: "I agree grant summary judgment for … Ryan and … Wood" they "are innocent"). But he argues Defendants Morales and Bellah are not entitled to summary judgment because they "used unnecessary and excessive use of force" and that the injuries Plaintiff received were "observable … noted and examined." Plaintiff's objections do not warrant a different result.

As Judge Bencivengo found under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he requisite physical injury must be more than *de minimis* for purposes of § 1997e(e)." *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002). A "painful canker sore" developed during detention has been found insufficient to meet the physical injury standard. *Id.* at 629. An inmate's ear remaining sore and bruised for three days has also

---

and "Wood" respectively, and collectively as "Defendants".

2. The Court gave Plaintiff the fair notice required under *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir.1988) for opposing the summary judgment motions.

been held to be a *de minimis* injury. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997) (cited with approval in *Oliver*, 289 F.3d at 628). Another court stated:

A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, *etc.*, which lasts even up to two or three weeks.

*Luong v. Hatt*, 979 F.Supp. 481, 486 (N.D.Tex.1997).

The PLRA does not, however, bar claims for compensatory, nominal or punitive damages. *Oliver*, 289 F.3d at 630.

■ Here, Plaintiff seeks compensation for "physical and mental anguish" and punitive damages. (Complaint at 7). The extent of Plaintiff's injuries is not in dispute. He suffered minor abrasions to his left knee, a small scratch on his chin, and two minor bumps, one on the right side of his head and one above his right eyebrow. Injuries of this nature are insufficient to overcome PLRA's physical injury requirement. *See Oliver*, 289 F.3d at 629; *Cf. Hudson v. McMillian*, 503 U.S. 1, 9–10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (holding that the Eighth Amendment "necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind").

■ Plaintiff is also not entitled to punitive damages. Punitive damages under § 1983 are recoverable against officials sued in their individual capacities. Punitive damages may be awarded "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct.

1625, 75 L.Ed.2d 632 (1983). Plaintiff points to no evidence in the record which establishes the Defendants possessed the requisite mental state to support the award of punitive damages *See Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir.1991) (affirming summary judgment where plaintiff provided no evidence that officers acted with evil intent); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.1988) (stating that "[s]weeping conclusory allegations will not suffice to prevent summary judgment".). *See also California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987) ("[T]o withstand a motion for summary judgment, the non-moving party must show that there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir.1989) ("A 'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,' is not sufficient to present a genuine issue as to a material fact.") (citation omitted).

Lastly, Plaintiff provides no evidence of harm that warrants compensatory damages, and nominal damages were not requested.

Accordingly, the Court **ADOPTS** Judge Bencivengo's Report in full. Accordingly, Defendants are entitled to summary judgment.

SO ORDERED.

## REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

This case is brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff Michael D. Glosson ("Plaintiff" or "Glosson"), proceeding *pro se*, alleges excessive force was

used against him in violation of the Eighth Amendment while he was housed at Calipatria State Prison ("Calipatria"). Defendants M. Morales, S.J. Ryan, J. Bellah, and K.B. Wood ("Morales," "Ryan," "Bellah," and "Wood" respectively, collectively "Defendants") move for summary judgment. On June 20, 2006, the Court issued notice to Plaintiff of the requirements for opposing a summary judgment motion pursuant to *Klingele v. Eikenberry,* 849 F.2d 409 (9th Cir.1988); 154 F.3d 952, 953 (9th Cir.1998). Plaintiff opposed Defendants' motion. For the reasons that follow, the undersigned Magistrate Judge recommends that the motion be **GRANTED**.

## II. FACTS

Plaintiff's Complaint alleges the following. In January 2004, Glosson was housed at Calipatria. (Complaint, p. 1). On January 31, 2004 [1], apparently after assaulting staff and refusing to comply with an order from a correctional officer, Glosson was pepper sprayed by Defendant Morales, another correctional officer. *Id.* Plaintiff was restrained with his hands cuffed behind his back. Glosson was then escorted by Morales and Bellah, another correctional officer, to Facility A's program office. (Complaint, pp. 3–4). While Plaintiff was still handcuffed and "burning from pepper spray," Morales "kneed, punch[e]d, kicked, spit on, choked, and ram[me]d the plaintiff's head into a wall a number of times." (*Id.,* p. 3). Officer Bellah punched and kicked Glosson while Glosson was on the ground and handcuffed. (*Id.,* p. 3).

Of the other two named Defendants, Defendant Wood was the Lieutenant on duty covering Facility A yard. Defendant Ryan was the Acting Warden of Calipatria at the relevant time.

Plaintiff alleges that he sustained abrasions, contusions, a chipped tooth and bruises. He also claims that he started having problems breathing through his nose. Approximately an hour after the incident, Plaintiff was examined by V. Klipa, a Medical Technical Assistant ("MTA"). (Decl. of V. Klipa in Sup. of Defs.' Mot. for Summ. J. ("Klipa Decl."), ¶ 3). The MTA conducted an unclothed body exam. Klipa noted that Plaintiff's injuries were a minor abrasion to his left knee, a small scratch on his chin, and two minor bumps, one on the right side of Plaintiff's head and one above his right eyebrow. (*Id.,* ¶ 4).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden may be met by showing that there is an absence of evidence to support the nonmoving party's case. *See id.* at 325. If the moving party satisfies this burden, the opposing party must go beyond the pleadings and "set forth specific facts" to show a genuine issue for trial. *See id.* at 323–324.

1. Plaintiff's Complaint alleges that the incident occurred on January 30, 2004, while Plaintiff's Opposition to Defendants' Motion for Summary Judgment indicates that the incident occurred on January 31, 2004. Neither party raises the difference as to the date of the incident as a genuine issue of material fact.

832

"A 'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,' is not sufficient to present a genuine issue as to a material fact." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir.1989) (internal citation omitted). The evidence is "viewed in the light most favorable to the nonmoving party." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir.2000). "A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion." *Rand*, 154 F.3d at 954.

## IV. DISCUSSION

All of the Defendants have shown that they are entitled to summary judgment. There is no evidence that Defendants Ryan and Wood participated in the alleged violation. Further, there is no evidence that Plaintiff's injuries are sufficient to support an excessive force claim under 42 U.S.C. § 1997e(e).

### A. Lack of Personal Participation by Ryan and Wood

■ Defendants Ryan and Wood are entitled to summary judgment because Plaintiff provides no evidence that Ryan and Wood committed any acts that constituted the alleged violation. "[A] plaintiff in a section 1983 action must show: (1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that the conduct deprived the claimant of a right secured by the Constitution or federal law." *Hammer v. Gross*, 884 F.2d 1200, 1203 (9th Cir.1989). Ryan is the former Acting Warden of Calipatria. Wood was the Lieutenant on duty on the Facility A yard on the day of the incident.

■ A supervisor is liable for constitutional violations of his subordinates if the supervisor "participated in or directed the violations," "knew of the violations and failed to act to prevent them," or "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989). The inquiry into causation must be individualized and focused on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988) (internal citation omitted).

■ Plaintiff provides no evidence that Wood or Ryan personally participated in the alleged violation. Plaintiff admitted in his deposition that neither Ryan nor Wood saw the incident. (Decl. of S. Coleman in Sup. of Defs.' Mot. for Summ. J. ("Coleman Decl."), Ex. A, 5:15–23; 6:2–7:18). Ryan provided a declaration stating, "During the afternoon of January 31, 2004, I was not aware of the incident that occurred in housing unit A–3.... I was not present in housing unit A–3 during the incident." (Decl. of S. Ryan in Sup. of Defs.' Mot. for Summ. J. ("Ryan Decl."), ¶ 4). Wood, in turn, provided a declaration stating, "I was not involved in the incident which occurred ... on January 31, 2004, during which inmates Glosson, Larrimote and Robertson assaulted staff. I heard the alarm sound, and heard staff responding to the incident on my radio. However, I did not respond to the incident or observe what happened during the incident." (Decl. of K. Wood in Sup. of Defs.' Mot. for Summ. J. ("Wood Decl."), ¶ 4).

Further, Plaintiff provides no evidence that Wood or Ryan knew of the violations and failed to prevent them. The Complaint alleges that Ryan failed to "curb the pattern of physical abuse on inmates." (Complaint, p. 2). In his deposition, Plain-

tiff testified that he named Ryan as a Defendant because Ryan was the Acting Warden at Calipatria at the time, and "in charge of the chain of command when the incident occurred." (Coleman Decl., Ex. A, 5:15–6:1). (Pl.'s Opp., p. 3). In addition, Plaintiff's opposition concludes, "So do what you must as to Ryan and Wood 'cause I can't prove they had any knowledge of the wrong doing [sic] of their rogue subordinates, nor can I prove S.J. Ryan or K.B. Wood violated my 8th Amend[ment] Rights." (*Id.*, p. 3). On the date of the incident, Ryan was not aware of it. (Ryan Decl., ¶ 4). Although he may have received a copy of the incident report later, he did not recall seeing the report or hearing about the incident. *Id.* Because there is no indication that Ryan was aware of the incident before or during the time it took place, there is no indication that he failed to prevent it.

With respect to Wood, Plaintiff alleged that he "failed to prevent the misuse of force." (Complaint, p. 2). In his deposition, Plaintiff testified that Wood was standing on a pathway in front of the program office. To reach the room where the incident occurred, one needs to enter through the front door, and then turn left and go through another door. (*Id.*, 7:10–15). Plaintiff acknowledged that Wood would have had to be able to see "around two doors" to witness the incident. (*Id.*, 7:16–18). Therefore Glosson also testified, "I am not saying [Wood] seen [the incident] actually." (Coleman Decl., Ex. A, 7:3–5, also *see* 7:18). As mentioned above, Wood only heard the staff respond to the incident on his radio. Therefore there is no evidence that Wood was aware of the incident and failed to stop it.

Finally, there are no facts indicating that either Ryan or Wood implemented a policy so deficient that it resulted in repudiation of constitutional rights. The Com-

plaint does not allege the existence of such policy. Plaintiff merely asserted in his deposition that "every time there's a staff assault, they beat the inmate," and "they know it" because "[t]hat's what they usually do." (Coleman Decl., Ex. A, 7:22–8:3). "The party opposing summary judgment may not rely on mere conclusory allegations, but must set forth specific facts demonstrating the existence of a genuine issue of material fact for trial." *King v. Idaho Funeral Service Ass'n*, 862 F.2d 744, 746 (9th Cir.1988). Plaintiff's general assertion that does not specify who "they" are is insufficient to create a genuine issue of material fact as to the existence of a policy in favor of excessive force. Further, Ryan declared that he "never sanctioned or condoned the physical abuse of inmates," and that "[e]very use of force is reviewed and evaluated following the incident. If the officers are found to have used excessive or unnecessary force, appropriate disciplinary action is taken." (Ryan Decl., ¶ 5). No officers were found to have used excessive or unnecessary force during the January 31, 2004 incident. (*Id.*, ¶ 6). Next, Wood's role as the Lieutenant was "to review the officers' reports, request clarifications if necessary, and compile the incident package." (Wood Decl., ¶ 5). It does not appear that this Defendant was even in a position to institute policies at Calipatria.

Because there is no evidence of a causal connection between the alleged violation and any acts by Wood or Ryan, these Defendants are entitled to summary judgment.

**B. The PLRA Physical Injury Requirement**

Even assuming that Ryan and Wood are not entitled to summary judgment based on lack of personal involvement, summary judgment should be granted for all Defen-

dants because Plaintiff's injuries are insufficient to support a claim of excessive force.

Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he requisite physical injury must be more than *de minimis* for purposes of § 1997e(e)." *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir.2002). A "painful canker sore" developed during detention has been found insufficient to meet the physical injury standard. *See Oliver*, 289 F.3d at 629. An inmate's ear remaining sore and bruised for three days has also been held to be a *de minimis* injury. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (cited with approval in *Oliver*, 289 F.3d at 628). Another court stated:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, *etc.*, which lasts even up to two or three weeks.

*Luong v. Hatt*, 979 F.Supp. 481, 486 (N.D.Tex.1997).

Plaintiff alleges that he sustained abrasions, contusions, and a chipped tooth. (Complaint, p. 4). A medical examination shortly after the incident revealed a minor abrasion to Plaintiff's left knee, a small scratch on his chin, and two minor bumps, one on the right side of his head and one above his right eyebrow. (Klipa Decl., ¶ 4). Plaintiff admitted that the MTA noted all of his injuries and provides no evidence of any others. (Coleman Decl., Ex. A, 57:20–23). Injuries of this nature have been held to be *de minimis*. *Oliver*, 289 F.3d at 629; *Siglar*, 112 F.3d at 193.

Therefore Plaintiff's excessive force claim is precluded under the PLRA.

The PLRA does not, however, bar claims for compensatory, nominal or punitive damages. *Oliver*, 289 F.3d at 630. Plaintiff sues Defendants Ryan, Wood, Bellah and Wood in both their official and individual capacities, seeking damages for "physical and mental anguish" and punitive damages. (Complaint, p. 7).

■ As a preliminary matter, Eleventh Amendment bars a prisoner's § 1983 claims against state actors sued in their official capacities. *Will v. Michigan*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). These Defendants may be sued only in their personal capacities. Plaintiff does not dispute this immunity in his opposition brief.

■ Next, emotional distress damages in the absence of a physical injury are not recoverable. *Oliver*, 289 F.3d at 629–30. Plaintiff also provides no evidence of harm that requires compensation to obtain compensatory damages. Nominal damages were not requested.

Finally, Plaintiff is not entitled to punitive damages. Punitive damages under § 1983 are recoverable against officials sued in their individual capacities. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Punitive damages may be awarded "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith*, 461 U.S. at 56, 103 S.Ct. 1625. Plaintiff has raised no factual issues as to Defendants' evil motives or callous indifference. Therefore Brooks is not entitled to any of the relief he seeks.

## V. CONCLUSION AND RECOMMENDATION

Having reviewed the matter, the undersigned Magistrate Judge recommends that Defendants' Motion for Summary Judgment be **GRANTED**. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than *December 18, 2006,* any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within *10 days* of being served with the objections.

**IT IS SO ORDERED.**

November 17, 2006.